IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SYBIL LITTLE, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACT. NO. 1:17cv126-CSC
 ) (WO)
CRSA, a corporation, RICKEY NORRIS, )
and JASON PATRICK, )
 )
    Defendants. )

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

The plaintiff, Sybil Little ("Little"), an employee of defendant CRSA, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq*, alleging that she was subjected to sexual harassment and a hostile work environment by defendant Rickey Norris ("Norris"). She further contends that when she complained to defendant Jason Patrick ("Patrick"), Patrick sexually harassed her, perpetuating the hostile work environment. Finally, she alleges state law claims of negligent and wanton supervision and retention, and outrage. Little seeks compensatory and punitive damages and attorney fees. After the defendants filed motions to dismiss (docs. # 9, 12 & 15), the court ordered the plaintiff to file an amended complaint that sufficiently established a factual basis for her claims. *See* Doc. # 28. On May 24, 2017, the plaintiff filed her amended complaint, and on June 2, 2017, the defendants filed motions to dismiss the amended complaint (docs. # 30, 32 & 34). The plaintiff has filed responses in opposition to the defendants' motions. *See* Docs.

# 37, 38 & 39.

The court has jurisdiction over this matter pursuant to 42 U.S.C. § 1331 (federal question) and the jurisdictional grant contained in 42 U.S.C. § 2000e–5(f)(3). It has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

After careful review of the motions to dismiss, and the briefs filed in support of and in opposition to the motions, the court concludes that the motions to dismiss are due to be granted.[1]

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true

---

[1] In light of the filing of the amended complaint, the defendants' motions to dismiss (docs. # 9, 12 & 15) are due to be denied as moot.

for the purpose of testing the sufficiency of plaintiff's allegations. *Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

While a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it must plead "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *Sinatrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009).

> We take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff[]. *Rivell v. Private Health Care Sys., Inc.*., 520 F.3d 1308, 1309 (11th Cir. 2008). We are not, however, required to accept the labels and legal conclusions in the complaint as true. *Sinatrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (stating that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Dismissal for failure to state a claim is proper if the factual allegations are not "enough to raise a right to relief above the speculative level. "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal*, 578 F.3d at 1260 (citing *Iqbal*, 129 S.Ct. at 1950; *Twombly*, 550 U.S. at 561-62, 570, 127 S.Ct. at 1968-69, 1974). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting *Twombly*. 550 U.S. at 557, 127 S.Ct. at 1966-67).

*Edwards v. Prime, Inc*., 602 F.3d 1276, 1291 (11th Cir. 2010).

A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556U.S. at 678. "[A] plaintiff's obligations to

3

provide the 'grounds' of h[er] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). *See also Fin. Sec. Assur., Inc. v. Stephens, Inc*. 500 F.3d 1276, 1282 (11th Cir. 2007).

### III. Facts[2]

Little has been employed by CRSA at Fort Rucker, Alabama since 2006. According to her amended complaint, defendant Norris "made sexually derogatory comments" towards her including statements that "she had a cute ass," and "looked good in her jeans." (Doc. # 29 at 3, ¶10). Norris also asked Little to wear dresses so he could "look up her dress." (*Id.*). Little points to one specific incident on July 13, 2016 of Norris telling her "she should wear heels to work not dress flat shoes as it would get men's attention." (*Id*. at 4, ¶ 12). Little asserts that on numerous occasions she told Norris that his comments were unwelcome and asked him to stop. (*Id*. at 5, ¶ 14). According to Little, he did not but she alleges no other specific instances involving Norris. (*Id.*)

On March 11, 2015, Little complained to Patrick about Norris' sexual harassment, and according to Little, Patrick told her he would "tell Norris to leave her alone."[3] (*Id*. at ¶ 15).

---

[2] At this stage of the proceedings, for purposes of ruling on the motions to dismiss, the facts alleged in the complaint and reasonable inferences to be drawn there from are set forth in the light most favorable to the plaintiff. *See Edwards v. Prime, Inc*., 602 F.3d 1276, 1291 (11th Cir. 2010).

[3] It is not at all clear from the complaint if Patrick supervised Little or Norris because Little alleges only that Patrick is the LCT/TFPS Operations Manager for CRSA. Despite being given an opportunity to amend her complaint, Little at no point asserts that Patrick is her supervisor, Norris' supervisor or the appropriate person within the company to whom she should report sexual harassment.

4

Little alleges that sometime later that day, Patrick asked her for sex. (*Id*. at 5-7, ¶ 17).

On October 7, 2016, Little filed a charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment by Norris beginning on May 1, 2016 and continuing until July 7, 2016.[4] (Doc. # 38, Ex. A). She filed this action on March 2, 2017.

## IV. Discussion

### A. Sexual Harassment Hostile Work Environment Claim

Title VII prohibits discrimination on the basis of race, color, religion, sex, or national

---

[4] Although the plaintiff did not attach a copy of her EEOC charge to her complaint, defendant CRSA attached a copy to its' motion to dismiss the complaint as well as their motion to dismiss the amended complaint. *See* Doc. # 10, Ex. 1; Doc. # 31, Ex. A. Thereafter, Little attached a copy of the EEOC charge to her brief in opposition to the motion to dismiss (doc. # 21, Ex. 1) and her brief in opposition to the motion to dismiss the amended complaint (doc. # 38, Ex. A). The court may consider exhibits attached to the motion to dismiss in certain circumstances without converting the motion to dismiss into a motion for summary judgment.

> Our Rule 12(b)(6) decisions have adopted the "incorporation by reference" doctrine, *see In re Silicon Graphics Inc. Securities Litigation,* 183 F.3d 970 (9th Cir.1999), under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. *See Harris v. Ivax Corp.,* 182 F.3d 799, 802 n. 2 (11th Cir.1999). "Undisputed" in this context means that the authenticity of the document is not challenged. *See, e.g., Beddall v. State Street Bank and Trust Co.,* 137 F.3d 12, 16–17 (1st Cir.1998); *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir.1997); *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994).

*Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). *See also Fuller v. SunTrust Banks, Inc.*, 744 F.3d 685, 696 (11th Cir. 2014) *abrogated on other grounds Stargel v. SunTrust Bank, Inc.*, 791 F.3d 1309 (11th Cir. 2015) ("This [C]ourt recognizes an exception, however, in cases in which [1] a plaintiff refers to a document in its complaint, [2] the document is central to [her] claim, [3] its contents are not in dispute, and [4] the defendant attaches the document to its motion to dismiss."); *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999) ("[A] document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its content are not in dispute.")

Although Little does not reference her EEOC charge in her amended complaint, she relies on it to oppose CRSA's motion to dismiss; it is central to her claims; and she does not dispute its contents or authenticity.

origin in a variety of employment practices. *See Walker v. NationsBank of Florida, N.A.*, 53 F.3d 1548, 1555 (11th Cir. 1995).[5] It is well-settled that an employer may be liable under Title VII for subjecting an employee to sexual harassment in the workplace. *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 65-66 (1986).

CRSA asserts that Little's Title VII sexual harassment hostile work environment claim should be dismissed because she failed to exhaust her administrative remedies and she cannot demonstrate that Norris' conduct was sufficiently severe or pervasive to create a hostile work environment.

"The filing of an administrative complaint with the EEOC is ordinarily a jurisdictional prerequisite to a Title VII action." *Chanda v. Engelhard/ICC* 234 F.3d 1219, 1225 (11th Cir. 2000). "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination" that the plaintiff filed with the EEOC. *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994). *See also Gregory v. Ga. Dep't of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004). In her amended complaint, Little alleges that Norris and Patrick created a hostile work environment because of her sex. In her EEOC charge, Little asserts that the harassment began on May 1, 2016 and ended on July 13, 2016. In her EEOC charge, Little states the following: "[b]eginning in May 2016, Norris has stated I have a cute ass; told me

---

[5] 42 U.S.C.A. § 2000e-2(a)(1) provides: "It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."

6

I look good in my jeans; asked me to wear dresses and heels to work so he could stand at the bottom of the ladder and watch me climb the ladder." (Doc. # 30, Ex. A).

First, Little's EEOC charge contains absolutely no indication that she was also accusing Patrick of sexual harassment, and the charge contains no factual allegations that could reasonably lead to an EEOC investigation of sexual harassment hostile work environment created by Patrick. Little's sexual harassment hostile work environment claim regarding Patrick's conduct fails as a matter of law because she failed to exhaust her administrative remedies with respect to his conduct. *See Chanda,* 234 F.3d at 1225.

More importantly, however, Little's claim of sexual harassment hostile work environment fails because she has failed to sufficiently allege the claim, even after being given an opportunity to amend her complaint. A plaintiff adequately pleads a claim for hostile work environment if she alleges (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment and create an abusive working environment; and (5) a basis exists for holding the employer liable. *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1195 (11th Cir. 2016); *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999). It is the fourth element – conduct sufficiently severe or pervasive to alter the conditions of employment – "that tests the mettle of most sexual harassment claims." *Gupta v. Fla. Bd. of Regents,* 212 F.3d 571, 583 (11th Cir. 2000). "Requiring the plaintiff to prove that the

harassment is severe or pervasive ensures that Title VII does not become a mere "general civility code."" *Id.* (quoting *Faragher*, 524 U.S. at 788)

An employer is liable for violating Title VII based on sexual harassment when the harassing conduct unreasonably interferes with an employee's job performance by creating a hostile, intimidating, or offensive work environment.[6] *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986). Whether harassing conduct is sufficiently severe or pervasive to alter the terms and conditions of a plaintiff's employment includes an objective and a subjective component. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21-22 (1993). The plaintiff must subjectively perceive the environment to be abusive, and the conduct must be severe or pervasive enough to create an objectively hostile or abusive work environment. *Id.* at 21. The Supreme Court has noted that "[w]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances," such as (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether the conduct was physically threatening or humiliating; and (4) whether it unreasonably interfered with the employee's work performance. *Id.* at 23. *See also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001) (emphasizing that workplace conduct is not to be measured in isolation); *Mendoza*,

---

[6] The employer is subject to vicarious and strict liability for a supervisor's sexual harassment that results in a tangible employment action. *Cotton v. Cracker Barrel Old Country Store*, 434 F.3d 1227, 1246 (11th Cir. 2006). "A tangible employment action constitutes a *significant* change in employment status, such as hiring, firing, failing to promote, reassignment with *significantly* different responsibilities, or a decision causing a *significant* change in benefits." *Davis v. Town of Lake Park, Fl.*, 245 F.3d 1232, 1239 (11th Cir. 2001) (quoting *Burlington Indus. Inc., v. Ellerth*, 524 U.S. 742, 760-61 (1998) (emphasis in original)). However, Little makes no allegation that she suffered a tangible employment action as the result of Norris' conduct. Consequently, the court looks solely to her claim that the actions of Norris were severe and pervasive enough to alter the terms of her employment.

195 F.3d at 1246 (citations omitted); *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501 (11th Cir. 2000); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 647 (11th Cir. 1997) (citing *Harris*, 510 U.S. at 23).

Applying the requisite factors to the totality of these events, the court concludes that the plaintiff has failed to sufficiently allege that the conduct at issue was objectively sufficiently severe or pervasive to alter the terms and conditions of her employment and create a hostile or abusive working environment. In her amended complaint, Little details a single incident involving Norris. According to Little, in July 2016, Norris told her how to dress to get a man's attention. (Doc. # 29 at 4, ¶ 12). Although Little alleges in her amended complaint that Norris' comments began in 2006 and continued through 2016, her EEOC charge asserts that the harassment began in May 2016 and ended in July 2016. The court is constrained by the allegations contained in Little's EEOC charge, and will not consider conduct that occurred prior to May 2016. *See Mulhall*, 19 F.3d at 589.

Little asserts that Norris routinely made inappropriate comments to her. She does not allege when he made these comments, nor does she quantify what she means by routinely. Her vague conclusory statement that his comments were routine is unsupported by facts.

Even if the court were to assume that Norris made all of the complained about comments between May and July 2016, the lack of severity of Norris' boorish immature comments militate against concluding that Little has alleged sufficiently severe or pervasive

9

conduct to alter her work environment.⁷ According to Little, Norris made the following comments:

- She "had a cute ass" (doc. # 29 at 3, ¶ 10)

- She "looked good in jeans" (*id.*)

- "[A]sked her to wear dresses so he could stand at the bottom of the ladder and look up her dress and watch her climb the ladder" (*id.*)

- 

- "how she looked whenever she was required to tuck in her shirt" (*id.* at ¶ 11)

- "how her butt looked in her jeans" (*id.*)

- "asked the Plaintiff if she was on her menstrual cycle when the Plaintiff had problems . . . requiring her to change clothes" (*id.*)

- "told the Plaintiff on July 13, 2016[,] she should wear heels to work not dress flat shoes as it would get men's attention and she would receive favorable responses . . ."

Little has not alleged facts showing that "the workplace [wa]s permeated with discriminatory intimidation, ridicule, and insult." *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1214 (11th Cir. 2008). The comments, while childish, were not derogatory slurs or imbued the workplace with overt hostility. Her bald allegations which are lacking in specificity are simply insufficient as a matter of law to establish that Norris' comments were sufficiently severe and pervasive to constitute a hostile work environment.

Furthermore, she does not assert that any of Norris' comments were physically threatening and she makes no allegation that he touched her. In her amended complaint,

---

⁷ Even if the plaintiff were to show frequent conduct, "the frequency . . . does not compensate for the absence of the other factors." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1248 (11th Cir. 1999).

Little asserts that Norris' conduct "affected her work and her home life." (Doc. # 29 at 9, ¶ 18.) However, she does not detail how his comments affected her ability to do her job and a fair reading of her amended complaint indicates that she still works at CSRA. She asserts no facts in support of her allegation that Norris' comments interfered with her ability to do her job or that she was hindered in her ability to do her job as a result of his conduct. The totality of the circumstances alleged by Little do not support a conclusion that Norris' conduct rose to the level required to meet the fourth element of hostile environment sexual harassment claim.[8]

The fifth element requires allegations of a basis for holding CSRA liable.[9] Little contends that CRSA is 'liable for such misconduct by Norris and Patrick because it had actual and constructive notice of the misconduct and failed to take any steps to prevent a recurrence of such unlawful behavior." (*Id*. at 6, ¶ 25). However, she fails to allege *any*

---

[8] Even if the court were to consider Little's allegation against Patrick, she still has not alleged sufficiently severe or pervasive conduct. The incident involving Patrick, while offensive, is an isolated incident that occurred during a telephone call. It did not involve any touching and there is no allegation that Patrick made repeated comments to Little. It is clear that this occurrence was an isolated event which was not so severe or threatening as to render the workplace objectively hostile or abusive. Consequently, this incident does not support Little's hostile work environment claim.

[9] "An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). The employer is strictly liable for the hostile environment if the supervisor takes tangible employment action against the victim. *See id.* at 807. However, when an employee has established a claim for vicarious liability where no tangible employment action was taken, a defending employer may raise as an affirmative defense to liability or damages: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Id.* There is no allegation in the amended complaint that Norris or Patrick were supervisors. Little alleges no facts that she took advantage of any preventive opportunities or that she reported the conduct to anyone other than Patrick on one occasion.

*facts* in support of her conclusory assertion. When the perpetrator of the harassment is a co-employee of the victim, the employer is liable only "if it knew or should have known of the harassing conduct but failed to take prompt remedial action." *Miller v. Kenworth of Dothan Inc.*, 277 F.3d 1269, 1278 (11th Cir. 2002). Little alleges absolutely no facts to support an allegation that CSRA was aware of any of Norris' conduct. Little does not allege that she complained to anyone other than Patrick, and she complained to Patrick on March 11, 2015, long before she filed her EEOC complaining only about Norris' actions that occurred in 2016. Therefore, her complaint to Patrick cannot serve as a basis to hold CSRA liable. Based on the foregoing, the court concludes that CSRA's motion to dismiss Little's Title VII sexual harassment claim is due to be granted.

B.  **Title VII Claims against Norris and Patrick**

Defendants Norris and Patrick assert that the Title VII sexual harassment hostile work environment claims against them individually should be dismissed because Title VII claims cannot be maintained against individuals. The court agrees. *See Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). *See also*, *e.g., Shotz v. City of Plantation*, 344 F.3d 1161, 1174 n.20 (11th Cir. 2003) (noting that Title VII does not provide a remedy against individual defendants); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (noting that individuals cannot be held liable under Title VII). "The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Little concedes that her Title

12

VII claim cannot be maintained against Norris, and she does not respond to this aspect of Patrick's motion to dismiss. *See* Doc. # 39 at 6. Consequently, because the plaintiff cannot bring Title VII claims against the individual defendants, defendant Norris and Patrick's motions to dismiss count one of the amended complaint against them (docs. # 32 & 34) are due to be granted.

### C. State Law Claims

The court's exercise of supplemental jurisdiction over the plaintiff's remaining state law claims is discretionary. Under 28 U.S.C. § 1367(c)(3), the court may "decline to exercise supplemental jurisdiction over a [state law] claim if the district court has dismissed all claims over which it has original jurisdiction . . . " The court declines to exercise supplemental jurisdiction over the plaintiff's state law claims, and these claims are due to be dismissed without prejudice.

### IV. CONCLUSION

For the reasons as stated, it is

ORDERED as follows:

1. That the defendants' motions to dismiss (docs. # 9, 12 & 15) be and are hereby DENIED as moot.

2. That the motions to dismiss (docs. # 30, 32 & 34) be and are hereby GRANTED with respect to the plaintiff's Title VII claims, and the federal claims against the defendants be and are hereby DISMISSED with prejudice.

13

3. That the plaintiff's state law claims be and are hereby DISMISSED without prejudice.

5. That this case be and is hereby DISMISSED; and

6. Costs be and are hereby TAXED against the plaintiff.

A separate judgment will issue.

Done this 9th day of August, 2017.

       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE